## HERALD v. UNITED STATES.

(Court of Appeals of District of Columbia. Submitted October 6, 1922. Decided November 6, 1922.)

No. 3851.

1. District of Columbia ⬅═1—States ⬅═12(2)—Boundary between District of Columbia and Virginia held to be high-water mark on Virginia side of Potomac river.

The boundary line between the District of Columbia and Virginia is the high-water mark of the Potomac river on the Virginia shore.

2. District of Columbia ⬅═1—Fish ⬅═3—Compact between Maryland and Virginia abrogated by cession and recession of portion of District of Columbia.

The compact between Maryland and Virginia, entered into in 1785, concerning the right of citizens of Virginia to fish in the Potomac river, was abrogated by the cession of that portion of the District of Columbia originally granted by the state of Virginia and by its recession back by the United States.

3. District of Columbia ⬅═1—Boundary not affected by litigation between Maryland and West Virginia.

The boundary of the District of Columbia, as originally fixed, was not affected by the litigation between Maryland and West Virginia.

Appeal from the Supreme Court of the District of Columbia.

Norman Herald was convicted of unlawfully fishing in the waters of the Potomac river within the District of Columbia, and he appeals. Affirmed.

Crandal Mackey, of Washington, D. C., for appellant.

Peyton Gordon and J. H. Bilbrey, both of Washington, D. C., for the United States.

VAN ORSDEL, Associate Justice. Appellant, defendant below, was convicted of unlawfully fishing with a dip net in the waters of the Potomac river within the District of Columbia. It appears that defendant stood on projecting rocks on the Virginia shore and operated the net between high and low water mark.

The questions of law relied upon by defendant involve the boundary between the District of Columbia and the state of Virginia, and the right of citizens of Virginia to fish in the waters of the Potomac under the compact entered into between Maryland and Virginia in 1785. These questions, however, have been settled finally by the decisions of the Supreme Court of the United States and of this court. Evans v. United States, 31 App. D. C. 544; Marine Railway & Coal Co. v. United States, 257 U. S. 47, 42 Sup. Ct. 32, 66 L. Ed. 124.

[1, 2] In the Evans Case we held the true boundary line between the District of Columbia and Virginia to be the high-water mark of the Po-

---

tomac on the Virginia shore, and that the compact of 1785 had been abrogated by the cession of that portion of the District of Columbia originally granted by the state of Virginia, and by its recession by the United States. Both of these propositions were affirmed in the Marine Railway Case, wherein the court, disposing of the compact, said:

"It may be laid on one side, even if it ever was in force in the District of Columbia, which has been denied on the ground that the compact was abrogated, so far as it affected this land, by the grant of Virginia, and was not revived by the grant of the United States."

It was likewise held that the question of boundary, as fixed by the royal grant from Charles I to Lord Baltimore at the high-water mark of the Potomac, was not affected by the award of 1879 between Maryland and Virginia, since—

"that was an arbitration between the two states and did not purport to affect the boundary of the District. The assent of the United States did not enlarge its scope. Act of March 3, 1879, c. 196, 20 Stat. 481."

[3] Nor was the boundary as originally fixed affected by the recent boundary litigation between the states of Maryland and West Virginia. Maryland v. West Virginia, 217 U. S. 577, 30 Sup. Ct. 630, 54 L. Ed. 888. The court, in that case, held that the state of Maryland extends only to the low-water mark on the Virginia shore. This decision, however, was based chiefly upon the award of 1879, which was later held in the Marine Railway Case to have no application to the boundary between the District and Virginia.

Further consideration would amount to a rehearing of the questions disposed of in the Evans Case.

The judgment is affirmed.